IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JERRY BROWN,                    )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  05 C 2460
                                )
ILLINOIS DEPARTMENT OF          )
NATURAL RESOURCES,              )
                                )
            Defendant.          )

                       MEMORANDUM ORDER

    Pro se plaintiff Jerry Brown ("Brown") has filed an extensive motion to compel (together with accompanying bulky exhibits) to obtain further discovery materials in this employment discrimination action against defendant Illinois Department of Natural Resources ("Department"). Assistant Attorney General Mary Madden has now responded on Department's behalf. As with other issues previously dealt with in this action, Brown's motion is materially impacted by his earlier lawsuit that had also claimed employment discrimination and that resulted in an adverse summary judgment ruling by this Court's colleague Honorable John Nordberg on January 25, 2006.

    To begin with, Department's counsel correctly objects that Brown's motion is premature in material part, because a number of matters that he raises have not previously been the subject of the required "meet and confer" process mandated by this District Court's LR 37.2. This memorandum order is being issued now in the hope that such matters may be resolved or narrowed before the

next scheduled status date of July 6.  In the meantime, though, those matters are being denied currently, but without prejudice to any future submission if and to the extent that the parties' LR 37.2 meeting does not prove fruitful.

Next, Department's counsel is also correct in pointing to the Supreme Court's recent decision in <u>Ledbetter v. Goodyear Tire & Rubber Co.</u>, 127 S.Ct. 2162 (2007) as barring Brown's effort to point to earlier time-outlawed acts of asserted pay discrimination, rather than his being limited to discrete acts of discrimination that took place within the limitations period. <u>Ledbetter</u> has resolved a previously-existing intercircuit split adversely to Brown, and that in turn has knocked out many of Brown's current discovery requests as time-barred.

Finally, Department's counsel points to the freeze on hiring and salaries that was imposed by the Governor's Office during the years 2003 and 2004.  That further insulates from discovery a good many of the items currently requested by Brown.

This Court has made it plain from the outset of this litigation that a nonlawyer plaintiff such as Brown must inevitably face special difficulties in this complex area of the law.  Those difficulties have been heightened by some of the recent caselaw development (<u>Ledbetter</u> is a prime example).  In the meantime, however, Brown's motion to compel must be and is denied, subject to the possible exception that further efforts

under LR 37.2 may distill out some matters that will require further consideration by this Court.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: June 29, 2007