IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY BROWN,                         )
                                     )
            Plaintiff,               )
                                     )
     v.                              )    No. 05 C 2460
                                     )
ILLINOIS DEPARTMENT OF               )
NATURAL RESOURCES,                   )
                                     )
            Defendant.               )

MEMORANDUM OPINION AND ORDER

This action ("Brown II") marks the second effort by pro se plaintiff Jerry Brown ("Brown") to charge his employer, the Illinois Department of Natural Resources ("Department"), with race-based employment discrimination and with retaliation for his having brought such charges against Department. This Court has been more than generous in terms of the scope of discovery allowed to Brown, both because granting leeway to pro se litigants is consistent with the treatment of their pro se pleadings (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)) and because the nature of the adverse summary judgment ruling by this Court's colleague Honorable John Nordberg in Brown's earlier lawsuit (02 C 398) had left somewhat unclear the time frame encompassed by Judge Nordberg's decision.

This week's batch of slip opinions from our Court of Appeals has included an opinion affirming Judge Nordberg's decision ("Brown I," No. 06-1552, 2007 WL 2410062 (7th Cir. Aug. 27)). Brown I has applied the Supreme Court's recent decision in

Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007) in a manner that has not only dispatched Brown's earlier claim but has also clarified the ground rules for this litigation, in part by limiting Brown's potentially actionable claim here to the failure of Department to promote him in September 2004 (the only "discrete act" of alleged discrimination that took place during the 300 days preceding Brown's Charge of Employment Discrimination). This Court hastens to apprise the parties of the overall posture of this Brown II action in light of Brown I.

Not only is Brown limited in his failure-to-promote-based claim to the September 2004 action (or inaction) by Department, but Brown I at *5 has also spelled out what Brown must show (or to avoid summary judgment, must at least show the existence of a material factual issue) as to each of the elements of a prima facie case:

> Under the indirect method, the employee bears the initial burden of establishing a prima facie case of race discrimination by showing that: (1) he is a member of a protected group; (2) he was qualified for the position sought; (3) he was rejected for the position; and (4) the employee who was promoted was a member of a different race and was not better qualified than he.

And just as Brown I at *5-*6 went on to address with respect to Brown's earlier claim of race-based discrimination, for purposes of this case he must identify at least one comparator who fits within the fourth element.

Accordingly Brown is ordered to deliver to this Court's

chambers and to defense counsel, on or before September 25,[1] a statement identifying the claimed comparator or comparators who assertedly fill the bill as to that fourth element. That will enable defense counsel and this Court to consider what further steps may need to be taken to determine the potential viability (or nonviability) of Brown's failure-to-promote claim in light of Brown I's teaching.

As for Brown's claim of actionable retaliatory conduct on Department's part, that too is a repeat of his unsuccessful claim in Brown I. On that score Brown I at *7 spelled out the hurdles that Brown must surmount to maintain such a claim (internal quotation marks and citations omitted):

> A plaintiff may prove retaliation by using either the direct method or the indirect, burden-shifting method. Under the direct method, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) there was a causal connection between the two. Alternatively, under the indirect approach, in order to establish a prima facie case for retaliation the employee must show the following: (1) after filing a charge [the employee] was subject to adverse employment action; (2) at the time, [the employee] was performing his job satisfactorily; and (3) no similarly situated employees who did not file a charge were subjected to

---

[1] This action is set for a next status hearing on September 19, which is reset to 8:45 a.m. September 27. As for the September 25 filing requirement imposed by this memorandum opinion and order, all that is called for here is not a legal brief or a statement dealing with legal issues, but rather a straightforward factual statement. And because the highly educated Brown has had the benefit of such extensive discovery, preparation of the brief statement called for here within such a short time frame should pose no hardship.

3

an adverse employment action.

As that language reflects, whether Brown seeks to pursue the "direct method" or the "indirect, burden-shifting method" he must in any event identify an adverse action assertedly taken by Department after he brought his charge of employment discrimination (in this instance, that means after October 15, 2004). Hence Brown's September 25 statement called for earlier must also identify such a discrete adverse action, again to permit evaluation of his retaliation claim under the freshly-issued teaching from our Court of Appeals.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2007