IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

JERRY BROWN,                    )
                                )
               Plaintiff,       )
                                )
     v.                         )       No. 05 C 2460
                                )
ILLINOIS DEPARTMENT OF          )
NATURAL RESOURCES,              )
                                )
               Defendant.       )

                       MEMORANDUM ORDER

     After our Court of Appeals upheld the disposition via summary judgment of the earlier Title VII lawsuit brought by pro se plaintiff Jerry Brown ("Brown") against the Illinois Department of Natural Resources ("Department")(see "Brown I," No. 06-1552, 2007 WL 2410062 (7th Cir. Aug. 27)), this Court issued a brief September 10, 2007 memorandum opinion and order ("Opinion") that ordered Brown to clean up his act in this second lawsuit ("Brown II") to conform to the Brown I principles.  Although Brown has now filed a document captioned "Plaintiff's Compliance with Court's Order Dated September 10, 2007," it is short on actual compliance--instead Brown persists (1) in distorting the concept of "promotion" (the gravamen of his Charge of Employment Discrimination ("Charge") filed October 15, 2004) and (2) even if his attempted revision were to be acceptable in those terms, in looking to past history in a way that Brown I does not permit.

     To begin with, here is Brown's grievance as stated in the Charge:

> I began my employment with the Respondent in or around November 1994. My most recent position is Manufacturing Process Engineer. In or around September 2004, I was informed that I would not receive a promotion to the position of Associate Professional Scientist nor to the position of Professional Scientist. In or around 2002, I filed a lawsuit against the Respondent claiming racial discrimination and retaliation. Since filing the law suit, I have failed to be promoted and have only received a minimal salary increase.
>
> I believe that I have been discriminated against on the basis of my race, Black, and on the basis of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

And that of course employs the universal concept of "promotion" as advancement from one position to another. Unsurprisingly, the identical usage is found in the Internal Operating Procedures Manual ("Manual") at Waste Management and Research Center ("Center"), where Brown is employed by Department, and is also mirrored both in the Brown I at *1 description of his comparable earlier claim of race-based discrimination and in the Brown I at *5 description of the elements of a prima facie case, previously quoted in the Opinion:

> Under the indirect method, the employee bears the initial burden of establishing a prima facie case of race discrimination by showing that: (1) he is a member of a protected group; (2) he was qualified for the position sought; (3) he was rejected for the position; and (4) the employee who was promoted was a member of a different race and was not better qualified than he.

Yet in response to the Opinion's direction that Brown "must identify at least one comparator who fits within the fourth

element" of the prima facie case, Brown seeks under the rubric "Comparator #1" to point to some unidentified persons who were assertedly promoted at unidentified times. That is a nonstarter in terms of identifying a permissible comparison to Brown's grievance, as set out in the Charge, complaining about his asserted nonpromotion in September 2004. Moreover, those unidentified promotions apparently took place before the start of the 300-day period that ended with the filing of the Charge--a period that began December 18, 2003. Thus Brown strikes out in attempting to rely on the amorphous class that he refers to as Comparator #1.

Under "Comparator #2" Brown refers not to another employee's having gotten a job for which Brown was competing, but rather to Center as having hired Danny Marsch into a *different* position sometime during 2004. Although that event would lie within the 300-day time frame referred to earlier, it presents a different hurdle that Brown must overcome.

As Brown would have it, the "hiring"[1] of Marsch into a new position at higher pay was a ploy--a device to take an end run around the freeze order that had previously been issued by Governor Blagojevich. But what Brown does not assert is that the

---

[1] Quotation marks have been used here solely to credit Brown's contention arguendo, for purposes of analysis, not to reflect this Court's views. No opinion is of course expressed here as to the validity of Brown's position on that score.

3

position for which Marsch was "hired" was either of the positions to which Brown was then seeking promotion according to his Charge--it was neither an Associate Professional Scientist position nor a Professional Scientist position. In the absence of such a claim, the assertedly bogus hiring involving Marsch might perhaps be probative of Center's willingness to engage in pretextual activity--but that would not absolve Brown of his burden of having to establish a prima facie case before the issue of pretext could come into play. And absent some plausible presentation on that score (see <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)), Brown cannot look to Marsch as a claimed comparator either.

Apparently unable to identify a comparator who fits within the <u>Brown I</u> matrix, Brown attempts to conflate Center's failure to promote him--a failure to provide him with a job change--with its failure to increase his compensation or to grant a compensation increase equivalent to that assertedly given to other (and Caucasian) employees, in each instance an increase <u>within</u> his existing grade. That is not only a novel recasting of the term "promotion" but is also at odds with the Manual that Brown attaches to his current filing, which has two <u>different</u> Subsections dealing with the two subjects: one (Subsection 3a-12) labeled "Promotion" and another (Subsection 3a-4) labeled "Compensation," which addresses increases within the same

4

position title.  And Governor Blagojevich's January 14, 2003 Executive Order, attached as Ex. E to Brown's current filing, also does not use the term "promotion" in the same odd way that Brown frames it.

There is even less plausibility to Brown's characterization of Malcolm Boyle as "Comparator #3."  It would be an impermissible stretch of the notion of an asserted denial of promotion to Brown to treat it as somehow corresponding to Boyle's <u>demotion</u> without decreasing his salary.  That unwarranted strain on the concept of promotion simply need not be addressed by Department.

Finally, Brown labels as "retaliation" Center's action in giving him the minimum salary increase possible when Governor Blagojevich's freeze was lifted to permit the granting of pay increases in 2005.  This Court expresses no view on that substantive claim, which Department will be expected to address in moving forward in this action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 26, 2007

5