IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY BROWN,                    )
                                )
            Plaintiff,          )
                                )
     v.                         )    No. 05 C 2460
                                )
ILLINOIS DEPARTMENT OF          )
NATURAL RESOURCES,              )
                                )
            Defendant.          )

MEMORANDUM ORDER

Pro se plaintiff Jerry Brown, as shown both by his court filings and by his in-court appearances, is an intelligent as well as a well-educated man. But he is regrettably a scofflaw as well, consistently pursuing his lawsuit in a manner that, if he were a lawyer, would clearly call for the imposition of sanctions under 28 U.S.C. §1927.[1]

Most recently that has manifested itself in Brown's just-filed response to the summary judgment motion brought by defendant Illinois Department of Natural Resources ("Department"). Although Brown's entire conduct of this litigation has been marked by a stubborn refusal to recognize the significance and effect of his earlier loss of a similar lawsuit claiming employment discrimination, his current filing is at least as troublesome as some of that earlier conduct.

---

[1] As a party litigant, Brown does have responsibilities that are imposed by Fed. R. Civ. P. ("Rule") 11(b), the violation of which may independently give rise to the imposition of sanctions under Rule 11(c).

For a full understanding of what has just been said, it is necessary to recapitulate--at least briefly--the fate of that earlier lawsuit, 02 C 398. There Brown made the same type of charge of discriminatory treatment, as summarized in the first page of Judge John Nordberg's January 25, 2006 opinion and order rejecting Brown's then-asserted claim via summary judgment,[2] that he has asserted here.

Nothing daunted, Brown filed this action in 2005, not only carrying a like discrimination claim forward but also attempting to bolster that claim by rehashing the same claim that he had lost in the earlier case. This Court's efforts to curb Brown's misdirection on that score went unheeded, for he continuously sought to expand his discovery efforts and arguments to include those out-of-bounds claims.

To be sure, earlier discriminatory conduct that cannot serve to state an actionable claim in substantive terms because of limitations problems may perhaps be admissible as evidence of an employer's current discriminatory mindset--as bearing on the employer's intent. But in this case Brown must realize that his earlier defeat not only has preclusive effect (both claim preclusion and issue preclusion) but has also established that, even with the aid of all reasonable favorable inferences, he

---

[2] That first page is attached as Ex. 1 to this memorandum order.

cannot claim to have been the victim of discrimination by Department through 2003. That of course forecloses any attempted reliance by Brown on his claims of discriminatory treatment during the period addressed by Judge Nordberg.

Then on August 27, 2007 our Court of Appeals affirmed Judge Nordberg's grant of summary judgment in Brown's earlier lawsuit (499 F.3d 675). In the course of doing so Circuit Judge Daniel Manion, speaking for the panel, also addressed the then-recent Supreme Court decision in Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007), pointing out the nature and scope of the time bar imposed by that decision on actions of the type advanced by Brown.

Although Brown had been represented by counsel in the case before Judge Nordberg and in the subsequent appeal, while he has been acting pro se in this case, the explanation of Ledbetter by the Court of Appeals should have been sufficient to inform him as to how any claims in this lawsuit would be similarly cabined. But to make certain that Brown got the message, this Court promptly issued a brief September 10, 2007 memorandum opinion and order calling on Brown to clean up his act in this action to conform to the principles announced by our Court of Appeals. Then, when Brown's response continued to depart from those principles, this Court followed up with a September 26, 2007 memorandum order pointing out his deficiencies.

None of that seems to have done any good. Brown's further efforts at discovery thereafter continued to go well beyond matters relevant to his claim as limited by Ledbetter, and now his Response to Defendant's Motion for Summary Judgment is filled with references to and reliance on matters that were within the time frame of his earlier lawsuit. That presentation makes it extremely difficult for Department's counsel and this Court to evaluate the response in proper terms--as our Court of Appeals has had occasion to remark in a related summary judgment context (United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)):

> Judges are not like pigs, hunting for truffles buried in briefs.

This matter is scheduled for a status hearing tomorrow, November 6 (a rescheduling ordered at the same time that this Court granted Brown's most recent motion for an extension of time to respond to the Rule 56 motion). At that time this Court will consider what steps are most appropriate to deal with Brown's improper handling referred to here.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 5, 2008

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0398 | **DATE** | 1/25/2006 |
| **CASE TITLE** | Jerry Brown vs. Illinois Department of Natural Resources et al. | | |

**DOCKET ENTRY TEXT**

Defendant Illinois Department of Natural Resources' motion for summary judgment is granted, and judgment is granted to defendant on all counts. [48-1]

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Jerry Brown has filed a two-count complaint under Title VII against the Illinois Department of Natural Resources ("IDNR") for allegedly discriminating against him by failing to promote him to the position of associate scientist and for allegedly retaliating against him after he complained about discrimination. The defendant has filed a motion for summary judgment, arguing that some of these allegations are untimely, that Brown has not made out a *prima facie* case, and that all of its decisions were based on legitimate, non-discriminatory reasons. For the reasons set forth below, the motion is granted.

*Facts.* The following facts are undisputed unless otherwise noted. In 1994, Jerry Brown applied for a job with the Waste Management and Research Center ("WMRC"), which is a part of IDNR. He was interviewed by Malcolm Boyle who recommended him for the job and who later became his supervisor. Brown was hired as an assistant scientist. According to WMRC's guidelines, Brown was eligible for promotion to associate scientist in September 1998 because he had four years time-in-grade. Under WMRC's guidelines, an employee also had to be recommended by his supervisor. Although there were no mechanical rules for when a supervisor should recommend an employee, the policy was that promotions should be based on "performance from visible and demonstrable evidence that the individual has attained, and/or has the potential to obtain, competence and qualifications to function at the promotional level." In 1998, a month after becoming eligible for promotion, plaintiff sought to be nominated. Boyle refused to nominate Brown because he believed that Brown was "tardy, [] was argumentative, [and was] late turning reports, late turning assignments." (Boyle Dep. at 21.) In each of the succeeding years, from 1999 until 2003, Brown continued in his quest to be promoted but each time was turned down. Beginning in 2000, plaintiff complained to WMRC that he felt that his denial of a promotion was discriminatory (he is African American), and he eventually filed two EEOC charges. He further alleges that WMRC retaliated by giving him a negative performance review in April 2000, by placing him on probation in September 2000, and by continuing to pass him over for promotion in 2001, 2002, and 2003.

*The Discrimination Claim.* We begin by noting that plaintiff has not identified any evidence of direct

EX. 1

5