IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY BROWN,                    )
                                )
            Plaintiff,          )
                                )
    v.                          )   No.  05 C 2460
                                )
ILLINOIS DEPARTMENT OF          )
NATURAL RESOURCES,              )
                                )
            Defendant.          )

### MEMORANDUM ORDER

This action, which involved the second unsuccessful effort by Jerry Brown ("Brown") to claim that he had been the victim of employment discrimination by the Illinois Department of Natural Resources ("Department"), concluded with a second grant of summary judgment in Department's favor. Now Department has tendered a bill of costs for $1,344, comprising $1,217.40 in court reporter fees and $126.60 in charges for photocopying (calculated at 10¢ per page). Brown has objected to the taxation of any costs.

Unfortunately Brown has misapprehended the law in this area. First of all, the items claimed by Department are in categories that qualify for an award of costs under the express provisions of 28 U.S.C. §1920. As for the operative standard for taxation of such costs, Fed. R. Civ. P. ("Rule") 54(d)(1) teaches:

> **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be

> imposed only to the extent allowed by law. The clerk
> may tax costs on 1 day's notice. On motion served
> within the next 5 days, the court may review the
> clerk's action.

Almost exactly a quarter of a century ago this Court ruled, and our Court of Appeals affirmed, that a district court could exercise its discretion to turn down an award of costs to a prevailing defendant on the grounds of plaintiff's indigency (<u>Badillo v. Cent. Steel & Wire Co.</u>, 717 F.2d 1160, 1165 (7th Cir. 1983)). But more recently the Court of Appeals, while declining to abandon that indigence exception in <u>Rivera v. City of Chicago</u>, 469 F.3d 631, 635 (7th Cir. 2006), went on to say in <u>Rivera</u>, <u>id</u>. that "indigence does not automatically excuse the losing part from paying the prevailing party's costs" (<u>id</u>.) and concluded its consideration of that issue by stating (<u>id</u>. at 636):

> Though we decline to abolish the indigence exception, we note that the exception is a narrow one.

Essentially the lesson that our Court of Appeals has taught is that the taxation of costs in favor of the prevailing party is called for as a matter of course unless there is a substantial reason for not doing so. And Brown's stated grounds for his objection simply do not meet that test:

> 3. In Defendant's answer to the Complaint, no where does the Defendant request or demand that attorney fees[1] or any costs be awarded nor is there any

---

[1] [Footnote by this Court] This reference by Brown is difficult to understand. As already indicated, Department has <u>not</u> asked for an award of fees, as contrasted with true costs

2

claim by Defendant that this case was frivolous,
lacking merit or unnecessary for purposes of this
Court's disposition.

\*      \*      \*

    7.   These costs bear no relationship to any facts
that were either frivolous or incurred as a result of a
claim without merit; and

    8.   Furthermore Defendant is purely seeking to
cause financial harm and to intimidate Plaintiff from
pursuing further claims against Defendant.

Nonfrivolousness or lack of merit of Brown's claim are not a condition of the taxability of costs, nor is Brown's impugning of Department's motives--something he asserts without any support--a basis for rejecting its claim.

In sum, Department is entitled to the award of costs that its Bill of Costs itemizes. Brown is ordered to pay Department the sum of $1,344.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:  March 23, 2009

---

within the scope of Section 1920.